UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CURTIS MOORE and MATTHEW SHORTT,

    Plaintiffs,

v.                                                                         Case No. 6:13-cv-1643-Orl-28TBS

EAST COAST FENCE AND GUARDRAIL
OF BREVARD, INC., and BEVERLY
CATECHIS,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

This case comes before the Court without oral argument on the parties' Joint Motion to Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice (Doc. 22) and the parties' Joint Motion to Approve the Parties' Revised Proposed Settlement and Enter Dismissal with Prejudice (Doc. 24). For the reasons that follow, I recommend that the first motion be denied and that the second motion be granted.

### Background

Plaintiff Curtis Moore voluntarily dismissed his claims on January 10, 2014. (Doc. 18). Accordingly, this report only discusses Plaintiff Matthew Shortt's claims against Defendants.

Defendants employed Shortt to visit customer's homes, measure property lines, take photographs, complete invoices and do other necessary paperwork in connection with the sale of fences to residential customers. (Doc. 13, ¶ 4). He also

performed manual labor for Defendants.  (Id.).  Count I of Shortt's complaint alleges that Defendants, failed to properly compensate him for minimum wages earned and failed to reimburse him for gas expenses he was entitled to, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").  (Doc. 1).  Count II alleges that Defendants failed to pay Shortt for his work in violation of § 448.08 Florida Statutes.  (Id.).  Defendants deny all of Shortt's claims.  (Doc. 10).  In his answers to the Court's interrogatories, Shortt said he was owed approximately $3,200 plus attorney's fees and costs.  (Doc. 13 at 4).

The parties negotiated and entered into a Settlement Agreement and General Release (the "First Agreement") to compromise and settle this controversy.  (Doc. 22-1).  After reviewing the First Agreement, I entered an Order expressing my concerns with certain of its provisions.  (Doc. 23).  The parties have now made a new Settlement Agreement (the "Second Agreement") to settle Shortt's FLSA claim, and have moved the provisions about which I expressed concern into a separate Addendum, Non-Disparagement Agreement & General Release of Claims (the "Addendum") to compromise and settle Shortt's remaining claims.  (Doc. 24-1 at 6).

Under the terms of the Second Agreement, Defendants will pay Shortt $700 for wages and other remuneration and $700 in liquidated damages.  (Id. at 2).  Defendants will also pay Shortt's lawyer $1,000 in attorney's fees and $500 for costs.  (Id.).  Pursuant to the Addendum, Defendants will pay Shortt $100 in return for a general release and his promise not to disparage Defendants.  (Id. at 7-8).

Legal Standard

Congress enacted the FLSA to eliminate labor conditions it deemed to be "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202.  The FLSA provides for the payment of overtime to non-exempt employees at the rate of not less than one and one-half times the individual's regular rate for hours worked in excess of forty per week.  Id. § 207(2).  Remedies for violation of the FLSA include the ability of an employee to maintain an action against an employer for and on behalf of the employee and others similarly situated.  However, a potential plaintiff must consent in writing to become a party to the action.  Id. § 216(b).

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Id.

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may

approve the settlement "to promote the policy of encouraging settlement in litigation." Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).  There is a strong presumption in favor of finding a settlement fair.  Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## Discussion

In their motions, the parties fail to address and discuss the five factors the Court should consider.  Instead, they argue that the their settlement was reached in an adversarial proceeding in which Defendants clearly dispute Shortt's claims, the parties are represented by experienced by labor counsel, and they were counseled by their attorneys when agreeing to the settlement.  (Doc. 24 at 5-6).

Upon independent review, I find no evidence of fraud or collusion.  The parties are represented by counsel who claim experience in the litigation of labor claims.  (Doc. 24 at 6).  These attorneys are obligated to vigorously represent the

-4-

interests of their clients, and the settlement was negotiated after suit was filed.  In addition, Shortt's lawyer has compromised his fee to facilitate the settlement.  (Doc. 24-1 at 2).  If the case does not settle, then the parties will expend additional time and money in litigation, and, based upon the papers in the docket, the probability of any parties' success on the merits is uncertain.  These are all indicia of a settlement that is the product of arms-length bargaining.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs." <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1542 (11th Cir. 1985).  Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery. <u>Silva v. Miller</u>, 307 F. App'x. 349, 351 (11th Cir. 2009).  "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents." <u>Perez v. Nationwide Prot. Serv.</u>, 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005).

Shortt's lawyer has agreed to reduce his hourly rate to $250 and to only charge Shortt four hours of attorney time as follows: 1 hour for the initial meeting and to review records; 1 hour to draft the complaint and research company

information; .5 hour to review the complaint with Shortt; 1 hour to meet with Shortt to prepare and review required disclosures and respond to the Court's interrogatories; and .5 hour to conduct the Court ordered conference with opposing counsel. (Doc. 24-1 at 2). Shortt's lawyer has waived all of his other time on the case. (Id.). Counsel's hourly rate and the time claimed are objectively reasonable. Therefore, although I have not conducted an in-depth analysis, I recommend the Court award the agreed upon attorney's fees. And, while Shortt provided no detail of his costs, I also find $500 to be objectively reasonable and recommend this sum also be awarded.

In the Addendum, Shortt provides the Defendants a general release and his promise not to disparage them. General releases are generally not permitted in the settlement of FLSA claims because they "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010). So-called no disparagement, no facilitation, and confidentiality provisions are also frequently struck from FLSA settlement agreements. Nichols v. Dollar Tree Stores, Inc., No. 1:13-cv-88 (WLS), 2013 WL 5933991, *3 (M.D. Ga. Nov. 1. 2013); Housen v. Econosweep Maint. Serv., Inc., No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, *2 (M.D. Fla. June 6, 2013).

But, a number of cases have approved FLSA settlement agreements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claim. Caamal v. Shelter

Mortgage Co., LLC, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013); Espinah v. Thrifty Speciality Produce of Ala., LLC, No. 6:13-cv-532-Orl-28KRS, 2013 WL 4047011, *3 (M.D. Fla. Aug. 9, 2013); DeGraff v. SMA Behavioral Health Serv., Inc., 945 F. Supp.2d 1324, 1329-30 (M.D. Fla. 2013). Accordingly, although the parties' position is that Court approval of the Addendum is not required, and that they are not requesting approval of the Addendum, I find that because its provisions are supported by separate consideration, it does not preclude Court approval of the Second Agreement.

Recommendation

For these reasons, it is respectfully recommended that the Court:

(1) DENY the parties' Joint Motion to Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice (Doc. 22);

(2) GRANT the parties' Joint Motion to Approve the Parties' Revised Proposed Settlement and Enter Dismissal With Prejudice (Doc. 24) as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues;

(3) DISMISS this action with prejudice; and

(4) DIRECT the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after the filing of this report and recommendation.  The failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on April 7, 2014.

*signature*

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record